# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JEREMY MICHAEL LETOURNEAU,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:21-CV-00120-RP-SH** |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
   **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Unopposed Motion to Substitute Counsel (Dkt. 16) and Defendant's Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Dkt. 17), both filed September 21, 2021. On February 4, 2021, the District Court assigned the case to the undersigned for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions as provided in 28 U.S.C. § 636(b)(1), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the October 10, 2019 Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division.

## I.    Motion to Substitute Counsel

Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, asks the Court to permit a substitution of counsel in this action. Dkt. 16. Defendant states that the substitution will not delay any setting in this case, and that Plaintiff Jeremy Michael Letourneau does not object to the substitution. *Id.*

Accordingly, the Court the **GRANTS** Defendant's Unopposed Motion to Substitute Attorney (Dkt. 16) and **ORDERS** that Special Assistant United States Attorney Jamie L. Barnhill is substituted for Special Assistant United States Attorney Roberta Gene Bowie as counsel for Defendant, and that Special Assistant United States Attorney Roberta Gene Bowie will be terminated from the record.

## II.    Motion to Remand

### A.    Background and Analysis

On February 4, 2021, Plaintiff filed suit challenging the Social Security Administration decision that Plaintiff was not disabled within the meaning of the Social Security Act. Dkt. 1. In his brief, Plaintiff states that, as a juvenile, he suffered from rheumatoid arthritis, depression, anxiety, obstructive sleep apnea, panic attacks, and fibromyalgia and therefore was disabled. Dkt. 15 at 2. Plaintiff argues that the Administrative Law Judge did not properly evaluate certain evidence and that his domain findings were not supported by substantial evidence. *Id.* at 16-27. Defendant did not file a response brief addressing the merits of Plaintiff's arguments, but instead moved the Court to reverse and remand this action to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 17. Plaintiff does not oppose remand. *Id.*

Sentence four of § 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). After considering the pleadings, administrative record, and Defendant's Motion, the Court finds that a sentence-four remand under § 405(g) is appropriate in this case to ensure that the Commissioner properly considers Plaintiff's claim of disability. *See Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) ("Sentence-four remands give a reviewing court the

authority to remand a benefits case if it determines that the Commissioner incorrectly applied the relevant law or made improper findings of fact."); *Howard v. Astrue*, No. A-11-CA-189-SS, 2012 WL 13136122, at *1 (W.D. Tex. Apr. 11, 2012) (finding sentence-four remand appropriate where government requested remand for further administrative proceedings to ensure plaintiff's claim was properly considered).

**B.     Recommendation**

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **REVERSE** and **REMAND** this case under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security to conduct further administrative proceedings.

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case and may not retain jurisdiction over the administrative proceeding on remand. *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993); *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (holding that a sentence-four remand must include a substantive ruling affirming, modifying, or reversing the Secretary's decision). Therefore, the undersigned **FURTHER RECOMMENDS** that the District Court **ENTER JUDGMENT** on behalf of Plaintiff.

## III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

      **SIGNED** on September 22, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE
